IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA BONNER, | § | |
| TDCJ-CID NO.856279, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-1949 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Joshua Bonner, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary proceeding that resulted in the loss of good conduct credit, commissary and recreational privileges, and a reduction in class line status. (Docket Entry No.1). Petitioner contends he was denied due process of law because the evidence was insufficient to support his conviction. (*Id.*).

## DISCUSSION

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). Among those rights is the requirement that there be "'some evidence to support the findings made in the disciplinary hearing.'" *Id.* at 536 (quoting *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v.*

*Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle,* 65 F.3d 29, 31-33 (5th Cir. 1995).

Petitioner indicates that he is not eligible for mandatory supervision. Therefore the loss of his good conduct credit does not implicate a protected liberty interest. The other changes in petitioner's confinement from the disciplinary conviction, *i.e.*, the loss of commissary and recreational privileges, and the reduction in class line status, do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause. *See Malchi*, 211 F.3d at 959 (right to particular time-earning status); *Madison*, 104 F.3d at 768 (loss of commissary privileges and cell restriction); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1996) (loss of opportunity to earn good time credits). Because none of the disciplinary sanctions imposed in this case deprive petitioner of a protected liberty interest, his claims do not implicate due process concerns.

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner's habeas petition does not present a cognizable basis for habeas relief,[1] the Court will dismiss this habeas petition and deny all pending motions.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

---

[1] Petitioner's habeas petition may also be subject to dismissal as time-barred under the applicable statute of limitations.

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right, and so a certificate of appealability from this decision will be denied.

## CONCLUSION

Accordingly, the court ORDERS the following:

1. Petitioner's application for writ of habeas corpus (Docket Entry No.1) is DENIED.

2. This action is DISMISSED with prejudice for failure to state a claim.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on this 11th day of July, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE